## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TRACI ST. CLAIRE, ) | |
|     Plaintiff ) | |
| ) | CIVIL ACTION |
| ) | FILE NO. |
| vs. ) | |
| ) | |
| TRAUNER, COHEN & THOMAS, L.L.P., ) | 1:07-CV-2082-ODE-ECS |
|     Defendant ) | |

### JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE

**1.  Description of Case:**

**(a) Describe briefly the nature of this action.**

**Per Plaintiff:** Plaintiff contends that Defendant Trauner, Cohen & Thomas, L.L.P. (hereinafter "TCT") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(b).

**Per Defendant: TCT** denies that it violated any of the provisions of the FDCPA as set forth in Plaintiff's Complaint.

**(b) Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

1

**Plaintiff's Summary:**

Defendant TCT was engaged in the collection of a consumer purpose debt allegedly owed by the Plaintiff to Capital One Bank for a consumer purpose credit card (hereinafter "account" or "debt").  Upon information and belief, Plaintiff has not made any payments on the account since March 2002 due to financial difficulties.  Upon information and belief, Plaintiff's account went into default in April 2002.  Upon information and belief, Plaintiff's account was assigned to TCT for collection.

On or about June 15, 2007, Defendant TCT sent written correspondence to the Plaintiff for the collection of the debt.  Defendant TCT's June 15, 2007 letter to the Plaintiff stated that: "You are hereby given notice of the following information concerning the above-referenced debt. 1. Unless within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by this Firm. 2. If you notify us in writing within said 30 days that the debt, or any portion thereof is disputed, we will obtain verification of the debt, or a copy of any judgment against you, and we will mail such verification to you. 3. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor…"

On or about June 20, 2007, Plaintiff received Defendant TCT's June 15, 2007 letter.  On July 11, 2007, Plaintiff sent Defendant TCT a letter disputing the debt and requesting validation of the debt.  On July 12, 2007, Defendant TCT received the Plaintiff's letter disputing the debt and request for validation of the debt.

On July 19, 2007, Defendant TCT ordered and obtained a copy of the Plaintiff's credit report from Equifax Information Services, LLC in an attempt to collect the debt.  On or about July 20, 2007, Defendant TCT telephoned the residence of the Plaintiff's mother in an attempt to collect the debt.  On or about July 20, 2007, Defendant TCT left a voice message requesting that the Plaintiff return their call at 404-233-1900.  On or about July 27, 2007, Defendant TCT again telephoned the residence of the Plaintiff's mother in attempt to collect the debt.  On or about August 6, 2007, Defendant TCT again telephoned the residence of the Plaintiff's mother in an attempt to collect the debt.  Defendant TCT failed to respond to Plaintiff's request for validation of the debt before resuming collection efforts on the debt.

**Defendant's Summary:**

This dispute arises from a credit card account originated with Capital One and Plaintiff's failure to make the required payments. Additionally, TCT has not

yet had the opportunity to conduct discovery regarding the details of Plaintiff's claims. For now, TCT simply denies any violations of law. TCT reserves the right to supplement this response.

**(c) The legal issues to be tried are as follows:**

1. Whether Defendant TCT violated the FDCPA, 15 U.S.C. § 1692e;

2. Whether Defendant TCT violated the FDCPA, 15 U.S.C. § 1692e(10);

3. Whether Defendant TCT violated the FDCPA, 15 U.S.C. § 1692g(b);

4. Whether Plaintiff is entitled to an award of actual damages against Defendant TCT, pursuant to FDCPA, 15 U.S.C. § 1692k;

5. The amount of actual damages Plaintiff is entitled to from Defendant TCT, pursuant to FDCPA, 15 U.S.C. § 1692k;

6. Whether Plaintiff is entitled to an award of statutory damages against Defendant TCT, pursuant to FDCPA, 15 U.S.C. § 1692k; and

7. The amount of statutory damages Plaintiff is entitled to from Defendant TCT, pursuant to FDPCA, 15 U.S.C. § 1692k.

**(d) The cases listed below (include both style and action number) are:**

   **(1) Pending Related Cases:**

   None.

   **(2) Previously Adjudicated Related Cases:**

   None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

   This case is not complex.

   ___ **(1) Unusually large number of parties**

   ___ **(2) Unusually large number of claims or defenses**

   ___ **(3) Factual issues are exceptionally complex**

   ___ **(4) Greater than normal volume of evidence**

   ___ **(5) Extended discovery period is needed**

   ___ **(6) Problems locating or preserving evidence**

   ___ **(7) Pending parallel investigations or action by the government**

   ___ **(8) Multiple use of experts**

   ___ **(9) Need for discovery outside United States boundaries**

   ___ **(10) Existence of highly technical issues and proof**

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:        Lisa D. Wright, Esquire
                         Law Office of Lisa D. Wright, LLC
                         235 Peachtree Street, NE, Suite 888
                         Atlanta, Georgia 30303
                         404-588-1181 (Telephone)
                         404-588-1182 (Facsimile)

    Defendant:      Louis Cohan, Esquire
                         Weinstock & Scavo, P.C.
                         3405 Piedmont Road, N.E., Suite 300
                         Atlanta, Georgia 30305
                         404-231-3999 (Telephone)
                         404-231-1618 (Facsimile)
                         lcohan@wslaw.net

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

___Yes   **X**   No.

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

**(a) The following persons are necessary parties who have not been joined:**

None.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

**Per Plaintiff:** None at this time.

> **Per Defendant TCT:** At this time, TCT does not currently plan to amend any of the pleadings previously filed with this Court.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).**

**(a)** *Motions to Compel:*  **before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.**

**(b)** *Summary Judgment Motions:*  **within twenty (20) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.**

**(c)** *Other Limited Motions:*  **Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

8

**(d)** *Motions Objecting to Expert Testimony:* **<u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects to that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties do not object to serving initial disclosures.

**9.     Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**<u>Plaintiff</u>:**

The allegations contained in Plaintiff's Complaint; defenses asserted by the Defendant; and information regarding the Defendant's policies and procedures for compliance with the Fair Debt Collection Practices Act.

**<u>Defendant TCT</u>:**

TCT seeks discovery of all information regarding the allegations contained in Plaintiff's Complaint, and any defenses thereto; and any information regarding any and all alleged communications between Plaintiff and TCT. TCT expressly reserves the right to seek additional discovery regarding any other issue or fact, should additional information become available.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

The parties agree that discovery shall commence on October 18, 2007 and end on February 15, 2008.

**11.   Discovery Limitations**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

None at this time.

**13.   Settlement Potential:**

**(a)  Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>September 24, 2007</u>, and that they participated in settlement discussions.**

      **For Plaintiff:**     Lead counsel (signature):

                         <u>s/Lisa D. Wright</u>
                         Lisa D. Wright, Esquire

**For Defendant:**    <u>s/Louis Cohan</u>
                         Louis Cohan, Esquire

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( X ) **A possibility of settlement before discovery.**

( X ) **A possibility of settlement after discovery.**

(__) **A possibility of settlement, but a conference with the judge is needed**.

(__) **No possibility of settlement**.

**(c) Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None.

**14.**    **Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court**

**(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.**

Dated: October 18, 2007.

LAW OFFICE OF LISA D. WRIGHT, LLC

By:    s/Lisa D. Wright
       Lisa D. Wright
       Georgia Bar No. 267878
       Attorney for Plaintiff

235 Peachtree Street, N.E., Suite 888
Atlanta, Georgia 30303
Telephone: 404-588-1181
Telecopier: 404-588-1182
attorneywright@prodigy.net

WEINSTOCK & SCAVO, P.C.

By:    s/Louis Cohan
       Louis Cohan
       Georgia Bar No. 173357
       Attorney for Defendant Trauner, Cohen & Thomas, L.L.P.

Case 1:07-cv-02082-ODE   Document 8   Filed 10/18/07   Page 14 of 15

3405 Piedmont Road, N.E., Suite 300
Atlanta, Georgia 30305
Telephone: 404-231-3999
Telecopier: 404-231-1618
lcohan@wslaw.net

14

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TRACI ST. CLAIRE,<br>    Plaintiff | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.<br>)<br>)<br>) 1:07-CV-2082-ODE-ECS<br>) |
| vs. | |
| TRAUNER, COHEN & THOMAS, L.L.P.,<br>    Defendant | |

**\* \* \* \* \***

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

Discovery shall end February 15, 2008.

**IT IS SO ORDERED, this _____ day of _____, 2007.**

_____
**HONORABLE ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE**