IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRACI ST. CLAIRE,<br>  Plaintiff | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.<br>)<br>) 1:07-CV-2082-ODE-ECS<br>)<br>)<br>) |
| vs. | |
| TRAUNER, COHEN & THOMAS, L.L.P.,<br>  Defendant | |

## PLAINTIFF'S MOTION & LEGAL AUTHORITY FOR ATTORNEY'S FEES AND COSTS

Plaintiff applies for an award of fees, based upon the acceptance of the Defendant Trauner, Cohen & Thomas, L.L.P.'s Offer of Judgment. The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k(a)(3) provides for an award of costs to the plaintiff, "together with reasonable attorneys' fees." Defendant Trauner, Cohen & Thomas, L.L.P.'s Offer of Judgment includes an award of reasonable attorney's fees and costs as determined by the Court.

### I. INTRODUCTION

This case was filed on August 29, 2007. Defendant Trauner, Cohen &Thomas, L.L.P. (hereinafter "TCT") was also served with the summons and Complaint on August 29, 2007. Defendant TCT filed an Answer to the Complaint on September 18, 2007. On September 24, 2007, counsel for the parties held the Federal Rule of Civil Procedure 26(f) conference at Attorney Cohan's office.

1

Counsel for the parties discussed the Plaintiff's allegations, the Defendant's defenses, the draft Joint Preliminary Planning Report, the draft Certificate of Interested Persons, and settlement. After the conference additional efforts to settle the action were made.

However, the action was not settled and the parties completed and filed the Joint Preliminary Planning Report on October 18, 2007. On October 19, 2007, this Court issued the Scheduling Order. On October 22, 2007, Plaintiff served the Defendant with her First Interrogatories and First Request for Production of Documents. On November 13, 2007, Defendant TCT served the Plaintiff with an Offer of Judgment. On November 19, 2007, Plaintiff accepted Defendant TCT's Offer of Judgment.

## II.   LEGAL ARGUMENT & AUTHORITY

In determining the appropriate amount of attorney's fees, district courts are to apply the lodestar analysis. Norman v. Housing Auth. of the City of Montgomery, 836 F. 2d 1292, 1299 (11th Cir. 1988). A lodestar analysis has four steps: (1) determine a reasonable hourly fee; (2) determine the amount of hours reasonably expended; (3) multiply the two; and (4) if necessary, make adjustments. The district court is "an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Campbell v. Green, 112 F. 2d 143, 144 (5th Cir. 1940).[1]

## A. Reasonable Hourly Rate.

The starting point for a calculation of attorney's fees is deciphering a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (quoting Blum v. Stenson, 465 U.S. 886, 895-96 n. 11 (1984)). The burden of proof lies with the applicant, and more is required than the affidavit of the attorney performing the work. Id. (citing NAACP v. City of Evergreen, 812 F. 2d 1332, 1338 (11th Cir. 1987) and Blum, 465 U.S. at 896 n. 11)). Evidence of rates actually billed and paid in similar lawsuits, direct evidence of charges by lawyers under similar circumstances, or opinion evidence are examples of sufficient proof. Id. The range of fees is accounted for in "experience, skill, and reputation" with skill being the "ultimate determinant of compensation level." Norman, 836 F.2d at 1301. Skill may be a function of experience, but that is not always the case. Id.

Other factors the court may consider in determining a reasonable hourly rate are: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

3

employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-20. See also Lorgnger v. Stierherim, 10 F.3d 776, n. 6 (11th Cir. 1994)("Although (Johnson's) balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering Johnson factors in establishing a reasonable hourly rate").

Since May 2003, Plaintiff's counsel has filed at least 75 cases in this Court against debt collectors for violations of the Fair Debt Collection Practices Act, with an estimated 95% settled in a manner favorable to the respective plaintiffs.

On January 20, 2006, The Honorable Thomas W. Thrash awarded the undersigned counsel attorney's fees at the $250.00 hourly rate at a hearing held in the matter of Johnson v. Lindquist & Trudeau, Inc., United States District Court - Northern District of Georgia, Civil Action No.: 1:05-CV-2533-TWT. Exhibit 1. Similarly, on May 19, 2004 the Honorable Thomas W. Thrash awarded the undersigned counsel attorney's fees at the $250.00 hourly rate in the matter of Williams v. JBC & Associates, P.C., United States District Court - Northern

4

District of Georgia, Civil Action No.: 1:04-CV-187-TWT, despite opposing counsel's objection to the requested hourly rate. Exhibit 2.

On January 13, 2005, the Honorable Beverly B. Martin awarded the undersigned counsel attorney's fees at the $250.00 hourly rate at a hearing held in the matter of Ashley Stout v. Collection Bureau of America, Ltd., United States District Court - Northern District of Georgia, Civil Action No.: 1:04-CV-2444-BBM. Exhibit 3.

On January 14, 2005, the Honorable Orinda D. Evans awarded the undersigned counsel attorney's fees at the $200.00 hourly rate in the matter of Yolanda Dalton v. JBC & Associates, P.C. and Jerome Davis, United States District Court – Northern District of Georgia, Civil Action No.: 1:04-CV-305-ODE over opposing counsel's objection. Exhibit 4.

On October 14, 2004, the Honorable Julie E. Carnes awarded the undersigned counsel attorney's fees at the $250.00 hourly rate at a contested hearing in the matter of Lillian Tatum v. Drive Financial Services LP, United States District Court - Northern District of Georgia, Civil Action No.: 1:03-CV-3182-JEC, opposing counsel agreed that the requested $250 hourly rate was reasonable during the hearing. Exhibit 5. However, on March 29, 2006, the Honorable Julie E. Carnes awarded the undersigned counsel attorney's fees at the $150.00 hourly rate in the matter of Dana Reese v. Gregory J. Barro, PLC, United

States District Court - Northern District of Georgia, Civil Action No.: 1:04-CV-698-JEC holding that rate as reasonable for work done in 2004. Exhibit 6.

On August 12, 2004, the Honorable Willis B. Hunt, Jr. awarded the undersigned counsel attorney's fees at the $250.00 hourly rate at the hearing held in the matter of Norman Goss v. Affiliated Collection Service, United States District Court - Northern District of Georgia, Civil Action No.: 1:03-CV-3797-WBH, opposing counsel failed to appear for the hearing. Exhibit 7.

On February 21, 2007, Judge Batten awarded the undersigned counsel attorney's fees at the rate of $300.00 in the matter of Sandra Dupree v. Frederick J. Hanna & Associates, P.C., et al. Exhibit 8. Accordingly, the undersigned counsel respectfully requests that this Court award attorney's fees at the $300.00 hourly rate.

**B.     The number of hours reasonably expended.**

"Excessive, redundant or otherwise unnecessary" hours should be excluded from the amount awarded. Hensley, 461 U.S. at 434. The court may consider the result obtained, Weeks v. So. Bell Telephone and Telegraph Co., 467 F.2d 95, 98 (5th Cir. 1972), and it must deduct time for discrete and unsuccessful claims. Norman, 836 F.2d at 1302. Any hours that would be unreasonable to bill a client must not be billed to an adversary, irrespective of skill, reputation, or experience of counsel. Id. at 1301. Generalized statements that the time spent was reasonable or

6

unreasonable are not particularly helpful and not entitled to much weight. Id.

"The trial judge should closely observe the attorney's work product, his preparation, and general ability before the court. Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714 (5th Cir. 1974). This factor is not based on a comparison of an action for violations of the FDCPA versus an action for violations of anti-trust laws.

Plaintiff's counsel has only requested fees for 8.85 hours in this action. The Verification of Fees includes a copy of the detailed billing statement. The time and labor expended in this action was reasonable. Plaintiff's counsel obtained a favorable award for Plaintiff St. Claire, just as she has done in at least 95% of the cases she has filed in this Court against Debt Collectors.

C.  **Costs and litigation expenses are recoverable under the FDCPA, 15 U.S.C. § 1692k.**

Plaintiff seeks an award of costs and litigation expenses, in addition to the award of attorney's fees. The FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C. § 1692k(a)(3). Plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses…including costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying. Ilick v. Miller, 68 F.Supp. 2d 1169, 1181 (D. Nev. 1999).

Long distance telephone and faxing expenses, as well as copying and postage have been awarded as costs. Sousa v. Miguel, 32 F.3d 1370, 1374 (9th Cir.

7

1994). Recoverable costs include travel, photocopies, lodging, postage, telephone calls, and computerized research. Libertad v. Sanchez, 134 F.Supp. 2d 218, 236 (D.P.R. 2001). Costs may be recovered as provided for by statute as well as 28 U.S.C. § 1920. *See* Lathem v. Department of Children & Youth Services, 172 F. 3d 786, 794 (11th Cir. 1999). Computer research costs are recoverable. United Nuclear Corp. v. Cannon, 564 F. Supp. 581, 591-92 (D.R.I. 1993)("LEXIS is an essential tool of a modern, efficient law office. As such, it saves lawyers' time by increasing the efficacy of legal research. Denial of reimbursement for LEXIS charges in a proper case would be an open invitation to law firms to use high-priced attorney time to perform routine research tasks that can be accomplished quicker and more economically with LEXIS.").

Thus, Plaintiff St. Claire's litigation expenses and costs are compensable and she seeks an award of costs in the amount of $422.10, which includes the $350.00 filing fee and $25.00 for service of the Summons and Complaint. Photocopies/scanned copies are charged at $0.15 per page and postage is billed at actual plus 20% for meter fees.

**D.     The total amount requested is reasonable.**

The undersigned counsel seeks attorney's fees for 8.85 hours billed at $300.00 per hour, totaling $2,730.00. The undersigned also seeks costs of $422.10. The total amount requested is $3,152.10. Exhibit 9 - Verification of

Attorney's Fees and Costs and itemized billing statement.

**E.    Plaintiff is entitled to review defense counsel's time records if defendant objects to Plaintiff's request for attorney's fees.**

Information regarding the hourly rates and hours expended by an opponent's counsel in litigation is relevant to determination of the reasonableness of attorney fees. Mitroff v. Xomox Corp., 631 F. Supp. 25 (S.D. Ohio 1985). Similarly, in Black v. Lojac Enterprises, Inc., 117 F. 3d 1420 (6th Cir. 1997), the Court stated that "undoubtedly, where the issue of the reasonableness of time expended is fully joined, the amount of time spent by the opposing party is a relevant benchmark as to the amount of time reasonably required."

One purpose of permitting such discovery of opposing counsel's fees is to demonstrate the time required to respond to the vigorous tactics of Defendants' counsel in this litigation. A party who has required his opponent to expend substantial time in responding to multiple motions can hardly be heard to complain at the time expended therefore. Mitroff, supra at 28.

At least one court has held that it is an abuse of discretion to refuse to allow discovery as to defense counsel's hours and fees when defendant is challenging the reasonableness of plaintiff's hours and fees. Henson v.Columbus Bank & Trust Co., 770 F.2d 1566, 1575 (11th Cir. 1985). Defendant's own hourly rate and time

9

expended are among the factors which the Court can consider in assessing the reasonableness of plaintiff's time. Gaines v. Dougherty County Bd. of Ed., 775 F.2d 1565, 1571 n.12 (11th Cir. 1985); Naismith v. Professional Golfers Ass'n, 85 F.R.D. 552, 562 (N.D. Ga. 1979).

If the Defendant argues that the time spent on this case was not reasonable or that the fees are too high, Plaintiff requests that the Court order the Defendant to turn over the detailed billing (time and costs) records of their attorneys so that a comparison may be made. While not a definitive, this information may give the Court some idea of what a reasonable amount of the time, attorney's fees and costs are for this case.

### III.  CONCLUSION

For all of the reasons stated herein, Plaintiff's Motion for Attorney's fees and costs should be granted as requested. Should this Court find that the Plaintiff's attorney's fees and costs of this action are unreasonable, then counsel for the plaintiff respectfully requests that this Court order the Defendant to present this Court with the time and fee records of their attorney for the Court to fully evaluate the reasonableness of the attorney's fees and costs of this action.

Dated: November 19, 2007.

                Respectfully submitted,

                LAW OFFICE OF LISA D. WRIGHT, LLC

                By:    s/Lisa D. Wright
                          Lisa D. Wright
                          Attorney for Plaintiff
                          Georgia State Bar No. 268781

235 Peachtree Street, NE Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Facsimile)
attorneywright@prodigy.net

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D, I certify that this document was prepared with Times New Roman 14 Point, the font and point selections approved by this Court in Local Rule 5.1B.

Dated: November 19, 2007.

                              Respectfully submitted,

                              LAW OFFICE OF LISA D. WRIGHT, LLC

                              By:    <u>s/Lisa D. Wright</u>
                                        Lisa D. Wright
                                        Attorney for Plaintiff
                                        Georgia State Bar No. 268781

235 Peachtree Street, NE Suite 888
Atlanta, Georgia 30303
404-588-1181
404-588-1182 (Facsimile)
attorneywright@prodigy.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| TRACI ST. CLAIRE,<br>    Plaintiff<br><br>vs.<br><br>TRAUNER, COHEN & THOMAS, L.L.P.,<br>    Defendant | )<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.<br>)<br>) 1:07-CV-2082-ODE-ECS<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the Plaintiff's Motion for Attorney's Fees and Costs with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

                Mr. Louis Cohan

Dated: November 19, 2007.

                Respectfully submitted,

                LAW OFFICE OF LISA D. WRIGHT, LLC

                By:    <u>s/Lisa D. Wright</u>
                           Lisa D. Wright
                           Attorney for Plaintiff
                           Georgia State Bar No. 268781

235 Peachtree Street, NE Suite 888
Atlanta, Georgia 30303

404-588-1181
404-588-1182 (Facsimile)
attorneywright@prodigy.net